```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

DOUGLAS B. STALLEY, on behalf of
the United States of America                              PLAINTIFF

    v.    Civil No. 06-5233

REGENCY HOSPITAL COMPANY, a
Delaware corporation; REGENCY
HOSPITAL COMPANY, LLC, a
Delaware limited liability
company; REGENCY HOSPITALS, LLC,
a Delaware limited liability
company                                                  DEFENDANTS

## O R D E R

Now on this 11th day of June, 2007, come on for consideration the following motions:

* **Motion To Dismiss With Prejudice Of Defendants Regency Hospital Company, Regency Hospital Company, LLC, And Regency Hospitals, LLC** (document #2);

* **Plaintiff's Motion To Stay Pending Resolution Of Appeals Pending Before The Eighth Circuit Addressing The Same Questions Of Law** (document #8); and

* **Plaintiff's Motion To Reconsider Court's Order Requiring Plaintiff To File An Amended Complaint With Sufficient Particularity To Satisfy Fed.R.Civ.P.9(b)** (document #13),

and from said motions, and the responses thereto, the Court finds and orders as follows:

  1.  Plaintiff's Complaint alleges that he is acting as a *qui*

*tam* relator on behalf of the United States to recover "Medicare payments which were made as a result of the Defendants' wrongful conduct" pursuant to **42 U.S.C. §1395y(b)(3)(A)**, the Medicare Secondary Payer statute ("MSP").  The gravamen of the Complaint is the allegation that when patients in hospitals operated by the defendants required treatment for injuries for which the hospitals would be legally liable, the hospitals billed Medicare for that treatment, and concealed "their wrongful conduct" and "the fact that they had been wrongfully reimbursed."

      2.   Defendants filed a motion to dismiss plaintiff's claims, making a variety of legal arguments.  Plaintiff responded that the matter should not be dismissed, but rather should be stayed pending the outcome of two appeals pending before the Eighth Circuit Court of Appeals which address the issue of whether a private citizen can bring a *qui tam* action pursuant to **42 U.S.C. §1395y(b)(3)(A)** to recover monies erroneously paid by Medicare.

      3.   On May 2, 2007, the Court entered an Order finding that plaintiff's Complaint failed to satisfy the requirements of **F.R.C.P. 9**, and directing plaintiff to amend his Complaint within 14 days, "pleading his claims of fraud with sufficient particularity to satisfy **F.R.C.P. 9(b)**, failing which the Complaint will be dismissed."  The Court took under advisement the other arguments in support of dismissal, as well as plaintiff's suggestion that the Court stay the case pending the outcome of the

appeal.

4.   Plaintiff filed his motion for reconsideration within 14 days of the May 2 Order, asking the Court "to reconsider and rescind the Order it entered on May 2, 2007." Attached to the motion are a brief and a document entitled "Complaint For Damages For Violation Of Medicare Secondary Payer Act, 42 U.S.C. §1395y(b)." In the brief, plaintiff "respectfully urges the Court to disregard his Amended Complaint, and instead requests the Court reconsider and rescind its May 2nd Order."

5.   The purported amended complaint attached to the motion for reconsideration deletes the allegations of concealment upon which the Court predicated its finding that fraud was the gravamen of plaintiff's Complaint.  This document would probably have alleviated the pleading defect identified in the May 2 Order, were it to be considered.  It will not be considered, however, because it was not filed as directed by the Court.  Attaching a proposed amended complaint as an exhibit to a motion does not amount to filing an amended complaint.

6.   Notwithstanding the foregoing, the Court will grant plaintiff's motion to reconsider, and will take up the other arguments asserted in the motions previously taken under advisement.

(a) In their motion to dismiss, defendants challenged plaintiff's standing as a purported *qui tam* relator under the MSP.

Standing is a necessary component of subject matter jurisdiction, because without standing there is no Article III case or controversy. **Lujan v. Defenders of Wildlife**, 504 U.S. 555 (1992). Plaintiff argued that he does have standing, but also took the position that this Court's decision on the standing issue should be stayed pending the outcome of two appeals now before the Eighth Circuit on the MSP *qui tam* standing issue.

In the seminal case on the granting of stays, the Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." **Landis v. North American Co.**, 299 U.S. 248, 254 (1936). The Court therein said that this power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.*

When the Court considers the facts of the instant case in light of this standard, it finds that its discretion is more appropriately exercised in dismissing plaintiff's claim for want of standing, than in staying it until the Eighth Circuit has decided the standing issue. *Qui tam* status exists only where a statute specifically provides that a plaintiff may sue to recover monies owed to the government and receive a share of the proceeds himself. See **Vermont Agency of Natural Resources v. United States ex rel. Stevens**, 529 U.S. 765 (2000)(*qui tam* relator has status

under the False Claims Act because that Act "can reasonably be regarded as effecting a partial assignment of the Government's damages claim").  The MSP does not specifically provide that a private citizen's suit will result in any recovery for the government, nor does it specify how -- or even whether -- the recovery in a private suit is to be divided between a private litigant and the government.  Nor did the Supreme Court, in **Vermont Agency**, consider the MSP to be one of only four *qui tam* statutes which "remain on the books" when that case was decided, **529 U.S. at 768, fn 1,** although the MSP had been enacted at that time.

The Court has also considered the cases which have taken up the MSP *qui tam* issue, and finds those that have ruled adversely to plaintiff's position more persuasive than those that have held in favor of it.  See **Stalley v. Sumner Regional Health Systems, Inc.**, **2007 WL 173686 (M.D. Tenn. 2007),** and the cases listed therein, particularly **Stalley ex rel. U.S. v. Catholic Health Initiatives**, **458 F.Supp.2d 958 (E.D. Ark. 2006)**(one of the cases now on appeal to the Eighth Circuit).

Finally, the Court has weighed the burden to defendants -- if the matter is stayed -- of leaving them in legal limbo pending the outcome of cases to which they are not even parties, against the burden to plaintiff -- if the matter is dismissed -- of having to pay a second filing fee to reassert his claims if he prevails in

his appeals now pending before the Eighth Circuit. The Court believes the burden on defendants is the heavier.

(b) Defendants also contended that the matter should be dismissed because plaintiff's claims are not ripe, in that there is no judgment, settlement, or similar document evidencing defendants' legal responsibility for the Medicare payments plaintiff seeks to recoup. Like the standing issue, this contention was succinctly analyzed in **Sumner** and **Catholic Health Initiatives**, and the Court finds the reasoning in those cases persuasive.

Plaintiff's Complaint alleges that "[o]n numerous occasions" defendants "caused harm to Medicare recipients" who were patients in defendants' hospitals, "thereby triggering legal obligation . . . to pay for any consequential medical service, treatment, or medication." Defendants are alleged to have known of their "legal obligation" pursuant to "patient complaints, staff complaints, internal incident reports and investigations, internal peer review, risk management programs and federally mandated hospital surveys." Plaintiff also alleges that "certain classes of injuries and illnesses (such as in-house acquired pressure ulcers, malnutrition, dehydration, fecal impactions, falls, injuries associated with falls, and preventable infections)" which occurred after patients had been admitted to defendants' hospitals "were sentinel events of elder abuse, neglect, and negligence on the

part of the caregiver," and triggered "the obligation to ascertain the cause of such injuries or medical condition prior to submitting any claim to Medicare for reimbursement of any services provided to treat" these injuries or conditions.

The Complaint further alleges that each defendant "failed in its obligation to investigate each claim and to determine the Defendant's reimbursement liability as primary payers under the MSP."

It thus appears from the face of the Complaint that the alleged instances of improper payment or failure to reimburse relate to incidents for which liability has yet to be determined. As explained in **Glover v. Liggett Group, Inc.**, **459 F.3d 1304, 1309 (11th Cir. 2006),**

> [u]ntil Defendants' responsibility to pay for a Medicare beneficiary's expenses has been demonstrated (for example, by a judgment), Defendants' obligation to reimburse Medicare does not exist under the relevant provisions. Therefore, it cannot be said that Defendants have "failed" to provide appropriate reimbursement. Based on this language, we conclude that an alleged tortfeasor's responsibility for payment of a Medicare beneficiary's medical costs must be demonstrated *before* an MSP private cause of action for failure to reimburse Medicare can correctly be brought under section 1395y(b)(3)(A).

The Second Circuit reached the same conclusion in **Mason v. American Tobacco Co.**, **346 F.3d 36 (2nd Cir. 2003)**(trigger for MSP claim is not pendency of disputed tort claim but established obligation to pay medical costs).

In the case at bar, plaintiff does not allege an established obligation to pay medical costs, but only the potential for such an obligation.  His Complaint in this case is aptly described in the words of Judge Howard in **Catholic Health Initiatives**: "Plaintiff asserts that somewhere, sometime, somehow, some hospital or hospitals owned by defendants must have caused some injury or illness to one or more Medicare beneficiaries for which Medicare should be reimbursed."  As Judge Howard held there,

> [a]llowing plaintiff to proceed with this action would allow any individual to sue any Medicare provider on the off-chance that some Medicare recipient must have been injured by or harmed and that Medicare is entitled to some as yet undetermined reimbursement.  Certainly Congress did not envision such a speculative cause of action.

The Court agrees with the foregoing reasoning, and finds that plaintiff's Complaint fails to state a claim under the MSP.

7.   Were this Court to entertain serious doubts about the validity of the reasoning in **Sumner** and **Catholic Health Initiatives**, or have reason to believe that plaintiff would face a statute of limitations bar upon refiling, it might agree with plaintiff that a stay rather than dismissal was in order. However, the Court is persuaded that those cases were rightly decided, and that it would be unfair to the defendants to extend these proceedings.  The matter will, therefore, be dismissed, but such dismissal will be without prejudice, so that if the Eighth Circuit determines that plaintiff does have *qui tam* standing, he

may reinstate his claims.  If that should occur, the Court will then take up defendants' objections based on personal jurisdiction.

**IT IS THEREFORE ORDERED** that the **Motion To Dismiss With Prejudice Of Defendants Regency Hospital Company, Regency Hospital Company, LLC, And Regency Hospitals, LLC** (document #2) is **granted.**

**IT IS FURTHER ORDERED** that **Plaintiff's Motion To Stay Pending Resolution Of Appeals Pending Before The Eighth Circuit Addressing The Same Questions Of Law** (document #8) is **denied.**

**IT IS FURTHER ORDERED** that **Plaintiff's Motion To Reconsider Court's Order Requiring Plaintiff To File An Amended Complaint With Sufficient Particularity To Satisfy Fed.R.Civ.P.9(b)** (document #13) is **granted.**

**IT IS FURTHER ORDERED** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　／s／ Jimm Larry Hendren
　　　　　　　　　　　　　　　　　　**JIMM LARRY HENDREN**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**